IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WANAGET CARABALLO CEPEDA,

    Petitioner,

    v.

ROBERTO SANCHEZ RAMOS, as
ATTORNEY GENERAL OF THE
COMMONWEALTH OF PUERTO RICO,

    Respondent.

CIVIL NO. 07-2139 (ADC)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

    Above petitioner Wanaget Caraballo Cepeda (hereinafter "Caraballo Cepeda") filed a motion for post-conviction relief on November 30, 2007 seeking to set aside his state sentence and conviction for claims of ineffective assistance of counsel. (Docket No. 1). The Court granted pro-se petitioner to file *in forma pauperis* and ordered to serve summons upon respondent. (Docket No. 4). The Court referred this matter to this Magistrate Judge for report and recommendation (Docket No. 6).

    Once the case was referred, this Magistrate Judge noticed petitioner did not indicate nor submit any evidence in regards with having exhausted state available relief, in particular a state Rule 192.1 motion before the state sentencing court. Accordingly, an order was issued on February 1, 2008, granting petitioner thirty (30) days to show he had indeed exhausted state

available relief so that this federal court may entertain his petition under Title 28, United States Code, Section 2254. (Docket No. 9).[1]

Thereafter, on March 12, 2008, respondent filed a Motion to Dismiss on above rationale, since petitioner had failed to comply with submitting the necessary documentation. This Magistrate Judge held in abeyance respondent's petition and granted this *pro-se* inmate, through an order of April 4, 2008, a final extension of time to comply. (Docket Nos. 10, 11). Petitioner was therein appraised that failure to comply with the order within the term of twenty (20) days would cause his motion for post-conviction relief to be dismissed. A review of the record shows the Clerk's Office notified copy of said order, as well as copy of the previous order of February 1, 2008 to *pro-se* petitioner at the address of record.

## LEGAL DISCUSSION

It now becomes evident upon a perusal of the record and as reflected in the above background, the state petitioner has not placed this Court in position to elucidate his petition nor has he complied with the previous orders from the Court, for which we succinctly explain.

Rule 192.1 of Criminal Proceedings in the Commonwealth of Puerto Rico, provides, in its relevant part as follows:

> Any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because ... the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of

---

[1] The Order contained also a brief summary of the applicable law and as to why this *pro-se* petitioner needed to comply with requirements. The Order additionally apprised petitioner that failure to comply would subject him to dismissal for failure to exhaust state relief.

>Puerto Rico or of the Constitution and laws of the United States, ... may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment. *See* P.R. Laws Ann. tit. 34, App. II, R. 192.1 (1963).

Pursuant to Title 28, United States Code, Section 2254: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Title 28, United States Code, Section 2254(c).

A Rule 192.1 motion in the trial court and appeal thereof or *certiorari* before the Puerto Rico Supreme Court is a requisite prior to seeking *habeas* relief. P.R. Laws Ann. tit. 34, § 1741(c) provides that: "No judge shall consider a writ of *habeas corpus* prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 of the Rules of Criminal Procedure, App. II of this title." *See also* García v. Ramírez, 337 F.Supp. 39 (D. Puerto Rico 1971) (no federal jurisdiction for lack of exhaustion since prisoner failed to appeal the trial court's denial of his *habeas* petition to the Puerto Rico Supreme Court).

The Puerto Rico courts provide for appellate relief and state *habeas corpus* post conviction relief. 34 L.P.R.A. § 1741. In order to be afforded federal court review of a *habeas corpus* petition brought pursuant to Section 2254, a petitioner challenging a Puerto Rico court conviction must exhaust either of these mechanisms. A prerequisite to state *habeas* corpus relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1. *Id*. at § 1741(c); Rodríguez v. Warden, Escuela Indus. de Mujeres, Vega Alta Puerto Rico., 791 F.Supp. 41, 42 (D. Puerto Rico 1992). *See* Neverson v. Farquharson, 366 F.3d 32 (1st Cir.

2004) (federal courts must dismiss even mixed petitions, those that contain both exhausted and unexhausted claims).

Accepting above petitioner's factual averments of his complaint as true, he indicates that apparently his counsel failed to file an appeal to his state conviction. However, there is no indication that petitioner herein has exhausted state judicial remedies on collateral proceedings, or that the Puerto Rico Supreme Court had a fair opportunity to act on the claims submitted in the present Section 2254 petition. Neither has petitioner alleged there is an absence of available state corrective process or that any circumstances exist that render such process ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(I)- (ii). An ineffective assistance of counsel claim by a state inmate, as the one presented herein at federal level, must itself ordinarily be fairly presented to state courts and exhausted. *See* Edwards v. Carpenter, 529 U.S. 446, 450-54, 120 S.Ct. 1587 (2000).

The exhaustion of remedies requirement is a well-established rule of comity to allow the state courts an opportunity to consider allegations of constitutional violations without interference from the federal courts. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999); Vasquez v. Hillery, 474 U.S. 254, 257, 106 S.Ct. 617 (1986).

Petitioner Caraballo Cepeda has been granted several opportunities, and has declined, to place this federal court in a position that would allow a determination as to his federal claim by indicating the state available reliefs which were sought and their determination by state courts. Petitioner has not even requested an extension of time to comply with the previous

Wanaget Caraballo Cepeda v. Roberto Sánchez Ramos, et al
Civil No. 07-2139 (ADC)
Report and Recommendation
Page No. 5

orders of this Court or place this Magistrate Judge on notice of any problems to secure the documents in support of his required state exhaustion of remedies. Furthermore, petitioner Caraballo Cepeda has been apprised already of the consequences of non-compliance, including the dismissal of his petition. Thus, it may well result that petitioner herein has not preserved either equitable tolling of his claim. Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002).[2]

Thus, respondent filed a motion to dismiss the petition due to failure to exhaust. Petitioner has not opposed same.

In response to a petitioner's motion, a court may dismiss an action for failure of the plaintiff to prosecute or to comply with ... any order of court. Fed.R.Civ.P. 41(b). A dismissal entered to sanction a party for failure to comply with a court's order or for failure to prosecute the case is reviewed for abuse of discretion. *See* Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir.2007); Ruiz Rosa v. Rullan, 485 F.3d 150 (1st Cir. 2007).

## CONCLUSION

In light of petitioner's failure to comply with the orders of this court, his lack of prosecution, as well for having twice failed to show he meets the requisite of exhausting state available relief prior to the filing of this federal habeas petition, it is recommended that respondent's Motion to Dismiss be GRANTED. (Docket No. 10).

IT IS SO RECOMMENDED.

---

[2] Equitable tolling, if available at all, is the exception rather than the rule and it is justified only in extraordinary circumstances and reserved to circumstances of a pro-se petitioner is unable to comply because of circumstances beyond the control of the litigant prevented him from filing promptly. Lattimore, 311 F.3d at 55.

Wanaget Caraballo Cepeda v. Roberto Sánchez Ramos, et al
Civil No. 07-2139 (ADC)
Report and Recommendation
Page No. 6

      The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

      In San Juan, Puerto Rico, this 3th day of June 2008.

                                        S/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE